FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 03 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
RUSSELL SPAIN,

        Plaintiff,

  -against-

GELB & BLACK, P.C.,

        Defendant.
------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-1551 (KAM)(LB)

**MATSUMOTO, United States District Judge:**

    On March 13, 2018, plaintiff Russell Spain ("plaintiff"), appearing *pro se*, filed this action against defendant Gelb & Black, P.C., a law firm ("defendant"). (ECF No. 1, Complaint ("Compl.").) Plaintiff paid the filing fee to commence this action. (ECF Entry dated 3/13/2018.) For the reasons set forth below, the court finds that it lacks subject matter jurisdiction and, therefore, dismisses the complaint.

## BACKGROUND

    Plaintiff alleges that on September 22, 2017, he filed a summons and complaint against Shenese Jones in the Supreme Court of the State of New York, County of Kings, under Index No. 2613/2017. (ECF No. 1, Compl. at 3, Ex. A.) The basis for plaintiff's state action is partially obscured, but it appears to involve allegations of "malicious prosecution, mental anguish, emotional distress and harassment" arising from a child custody/visitation order dispute. (*Id.* at Exs. A, D.)

2

Plaintiff alleges that defendant, which is the law firm retained by Ms. Jones to defend her in the state court action, failed to respond to the action and unlawfully obtained an adjournment. (*Id.* at 5.) Plaintiff seeks $250,000 in damages for defendant's conduct in defending their client, Ms. Jones, in the state court action. (*Id.* at 15.) At the time this action was commenced, the parties were scheduled to appear before Judge Richard Velasquez on April 11, 2018. (*Id.* at Ex. F.) On April 13, 2018, defendant filed an Answer. (ECF No. 6, Answer.) In its Answer, defendant asserted as an affirmative defense, *inter alia*, that this court does not have subject matter jurisdiction over this action. (*Id.* ¶ 5.)

## **STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, the plaintiff is proceeding *pro se*, courts are required to construe the plaintiff's pleadings liberally. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Although liberally interpreted, a *pro*

3

se complaint still must state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Further, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331, 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*; see also Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Even when liberally construed, plaintiff's complaint fails to satisfy the requirements of subject matter jurisdiction. First, the court finds that it does not have federal question subject matter jurisdiction because plaintiff's claims are not premised on a violation of any federal

4

constitutional or statutory right. A case arises under federal law where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey v. Board of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citation omitted). Although plaintiff cites to various federal statutes in his complaint, his claims do not necessitate the resolution of a question of federal law or involve a federal constitutional statutory right. (*See* ECF No. 1, Compl. at 2-3 (citing 8 U.S.C. § 1324c; 19 U.S.C. § 1592A(1)(1)(i); 28 U.S.C. § 1746; 42 U.S.C. § 3795a; 17 C.F.R. § 240.15c1-2; 49 C.F.R. § 1104.5; 18 U.S.C. §§ 1001, 1028, 1038, 1341-940, 1621.).) Rather, plaintiff appears to be dissatisfied with the procedures and pace of his pending state court case. Such dissatisfaction, however, does not form the basis for a plausible claim against defendant in federal court, and plaintiff's attempt to couch his claims under various inapplicable federal statutes does not alter that conclusion.

Second, the court finds that it does not have diversity jurisdiction because there is no diversity of citizenship among the parties. From the pleadings, it appears that both parties are citizens of New York State. Accordingly, there is no diversity. *See Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that diversity

5

statute mandates complete diversity). Because the court lacks federal question or diversity jurisdiction, it lacks subject matter jurisdiction and dismissal is mandatory.

## CONCLUSION

For the reasons discussed above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although plaintiff paid the filing fee, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment dismissing this case.

**SO ORDERED.**

                                                   /s/
                                       **KIYO A. MATSUMOTO**
                                       United States District Judge
                                       Eastern District of New York

Dated: May 2, 2018
      Brooklyn, New York