UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

RUSSELL SPAIN,

              Plaintiffs,          NOT FOR PUBLICATION

                                          **MEMORANDUM AND ORDER**

      -against-                    18-CV-1551 (KAM)(LB)

GELB & BLACK, P.C.,

              Defendants.
----------------------------------------X

**MATSUMOTO, United States District Judge**:

        On March 13, 2018, plaintiff Russell Spain ("plaintiff"), appearing *pro se*, filed this action against defendant Gelb & Black, P.C., a law firm ("defendant"). (ECF No. 1, Complaint ("Compl.").) On May 2, 2018, this court dismissed the complaint without prejudice for lack of subject matter jurisdiction. (ECF No. 7, Memorandum and Order.) Plaintiff filed an "objection to the invalid/void order" before this court on May 14, 2018. (ECF No. 9, Motion for Reconsideration ("Mtn. for Recon.").) He objected to the use of an electronic signature by the court in issuing the May 2, 2018 order of dismissal, and he also sought responses from the defendant to his requests for admissions. Plaintiff also objected to the joint assignment of this action to both a district judge and a magistrate judge. Before the court ruled

1

on plaintiff's objection and request to conduct discovery, plaintiff subsequently filed a notice of appeal with the U.S. Court of Appeals for the Second Circuit on June 4, 2018, which appeal will not become effective until this court has ruled on his motion for reconsideration. (ECF No. 13, Amended Second Circuit Order.)

For the reasons stated below, plaintiff's motion for reconsideration is denied.

## LEGAL STANDARD

"A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## DISCUSSION

Plaintiff raises several objections to the court's order and refers to the order as invalid or void. (ECF No. 9, Mtn. for Recon.) Plaintiff argues that it was improper for the

court's order to be signed with a digital "/s/" signature. (*Id.* at 1, 4.)  Plaintiff invokes a variety of sources describing subject matter jurisdiction in general and claims that the rules governing subject matter jurisdiction "ha[ve] completely no relevance or valid third-party defense for the original claim." (*Id.* at 2.)  Plaintiff objects to the court's consideration of the underlying state court action, which the court treated as background history reflecting the basis for the federal court action.  (*Id.* at 3.)  Plaintiff also argues that there should have been no magistrate judge involvement and that the court erred by prematurely screening and disposing of his case.  (*Id.* at 3-4.)

The court need not reconsider its past decision based on the plaintiff's objections.  The objections fail to provide a basis for reconsideration by identifying changes in case law, providing new evidence, correcting a clear error, or preventing manifest injustice.  The court did not "prescreen" plaintiff's case, as he claims. Rather, the court reviewed the record and determined that it did not have subject matter jurisdiction to entertain any of the potential, liberally construed claims, based on the plaintiff's allegations.  Plaintiff's objections do not provide any additional information demonstrating that the court erred and that subject matter jurisdiction exists in this case.

Moreover, the court may utilize an electronic signature on orders issued by the court, and plaintiff has pointed to no contrary authority. *See Snyder v. Perry*, No. 14-CV-2090, 2015 WL 1262591, at *1 n.1 (E.D.N.Y. Mar. 18, 2015) ("[I]t is standard procedure in this District to replace a judge's signature with an electronic signature before an Order or other signed Court document is made publicly available. An electronic signature is proper and does not in any way undermine the legal force of the signed document."). Furthermore, plaintiff's request to conduct discovery is denied because defendant is not required to provide answers to plaintiff's requests for admission in a case that has been dismissed. Finally, plaintiff has no legal right to prevent a federal court from assigning a case to a magistrate judge and district judge. In any event, the magistrate judge did not exercise her authority in this case because the case was dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons discussed above, the court denies plaintiff's request for reconsideration to compel discovery. The Clerk of Court is directed to serve a copy of this Memorandum and Order on the plaintiff and note service on the docket.

**SO ORDERED.**

Dated:   April 5, 2019
         Brooklyn, New York

/s/
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York
